UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS DERISE CORBRAY, | |
| Petitioner, | Case No. C24-5122-TL-MLP |
| v. | |
| JASON BENNETT, | REPORT AND RECOMMENDATION |
| Respondent. | |

## I. INTRODUCTION

Petitioner Dennis Corbray is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging a 2002 Pierce County Superior Court judgment and sentence. Petitioner previously filed another federal habeas petition relating to the same judgment. This Court, having reviewed the petition filed in this matter, and Petitioner's prior petition, concludes the instant petition is a second or successive petition over which this Court lacks jurisdiction, and the petition should therefore be dismissed.

## II.     DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on February 14, 2024. (*See* dkt. # 1.) The petition relates to the judgment and sentence entered under Pierce County Superior Court case number 01-1-04411-9, on February 1, 2002. (*See* dkt. ## 4-1 at 2, 4-3 at 2.) Petitioner asserts in his petition that his current custody is unlawful because Pierce County authorities failed to secure an arrest warrant before seizing his person. (*See* dkt. # 4-4.) Petitioner appears to claim that because no warrant was ever issued for his arrest, the Pierce County Superior Court lacked jurisdiction to enter a judgment and sentence in his criminal proceeding.[1] (*See id*.)

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. A review of this Court's records reveals that Petitioner filed a federal habeas petition challenging the same 2002 Pierce County Superior Court judgment and sentence in January 2006. *See Corbray v. Carter*, C06-5043-RJB (W.D. Wash.), dkt. # 1. That petition was denied on the merits on October 20, 2006. *Id*., dkt. # 24.

---

[1] A review of the docket of Petitioner's Pierce County criminal case reflects that an affidavit/declaration of probable cause and an information were filed on August 22, 2001. *See State v. Corbray*, No. 01-1-04411-9 (Pierce County Superior Court, filed August 22, 2001), *docket available at* https://linxonline.co.pierce.wa.us/linxweb (last accessed March 8, 2024). The docket also reflects that a bench warrant was thereafter issued as was an order directing Petitioner's transfer from an unspecified institution to jail. *See id*. Petitioner indicates in his materials that he was confined at the Washington State Penitentiary pursuant to a Benton County criminal case at the time the Pierce County charges were filed, and that he was thereafter transferred from the Washington Department of Corrections to the Pierce County Jail for proceedings in Pierce County Superior Court case 01-1-04411-9. (*See* dkt. # 4-1 at 14.)

REPORT AND RECOMMENDATION
PAGE - 2

The fact that Petitioner had a previous federal habeas petition challenging the judgment at issue here denied on the merits renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

Based on the foregoing, this Court recommends Petitioner's federal habeas petition (dkt. # 4-1) be dismissed for lack of jurisdiction and a certificate of appealability be denied. This Court further recommends Petitioner's application to proceed *in forma pauperis* (dkt. # 4) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

REPORT AND RECOMMENDATION
PAGE - 3

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 5, 2024**.

DATED this 11th day of March, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge