UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS DERISE CORBRAY,<br><br>                Petitioner,<br>    v.<br><br>JASON BENNETT, Superintendent, Stafford Creek Corrections Center,<br><br>                Respondent. | CASE NO. 3:24-cv-05122-TL-MLP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 5), and Petitioner Dennis Corbray's Objections to Report and Recommendation (Dkt. No. 7). Having reviewed the R&R, Petitioner's objections, and the remaining record, the Court ADOPTS the R&R and OVERRULES the objections.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

On March 13, 2024, Petitioner filed timely objections to the R&R and raised seven challenges:

1. Failure to address Petitioner's request for certification;
2. Failure to address Petitioner's affidavit in support of petition;
3. Failure to take judicial notice;
4. Failure to order Respondent to produce a certified copy of the arrest warrant in this case;
5. Failure to consider whether an evidentiary hearing would benefit a merits resolution;
6. False assertions that Petitioner's petition is successive; and
7. Failure to address if Petitioner had an arrest warrant upon entering Pierce County jail.

*See* Dkt. No. 7. On March 27, 2024, Petitioner filed a request to strike objections six and seven. *See* Dkt. No. 10.[1]

Petitioner's instant petition asserts that his current custody is unlawful because Pierce County authorities failed to secure an arrest warrant before seizing him. *See generally* Dkt. No. 4-4. Petitioner previously filed a federal habeas petition challenging the same 2002 Pierce County Superior Court judgment and sentence, although the arrest warrant issue was not raised.

---

[1] Petitioner also filed Motion Requesting Judicial Notice (Dkt. No. 8), Petitioner's Historical Facts in Support of Writ of Habeas 28 USC § 2241 (Dkt. No. 9), an Errata Sheet regarding his motion requesting judicial notice (Dkt. No. 11), and three motions requesting a Brady Order (Dkt. Nos. 12–14).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

*See Corbray v. Carter*, No. C06-5043, Dkt. No. 1 (W.D. Wash. Jan. 18, 2006). That prior petition was denied on the merits. *Id.*, Dkt. No. 24 (Oct. 20, 2006).

Therefore, a threshold issue Petitioner must overcome is whether his instant petition is successive. *See* 28 U.S.C. § 2244. Petitioner seems to admit that his petition is successive as he withdrew that ground for his objection. *See* Dkt. No. 10. In any event, the Court agrees with Judge Peterson that Petitioner's petition is successive and should be dismissed.

For individuals such as Petitioner who are in state custody, "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). The statute further states that:

> A claim presented in a second or successive habeas corpus application under [28 U.S.C. § 2254] that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition . . . ." *Brown v. Muniz*,

889 F.3d 661, 667 (2018) (citations omitted). Here, Petitioner fails to show that his claim relies on a new rule of constitutional law that was previously unavailable or that the factual predicate for his claim could not have been discovered previously through the exercise of due diligence.[2]

Where a petitioner seeks to file a second or successive petition, the applicant is required to first move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). As Judge Peterson correctly noted in the R&R (*see* Dkt. No. 5 at 3), the Court is without jurisdiction over Petitioner's petition, as he has failed to comply with this procedural requirement.

Accordingly, it is hereby ORDERED:

(1) The Report and Recommendation is ADOPTED and Petitioner's objections are OVERRULED.

(2) Petitioner's petition for writ of habeas corpus (Dkt. No. 4-1) and this action are DISMISSED pursuant to 28 U.S.C. § 2244(a), as the petition constitutes an unauthorized second or successive petition and this Court lacks jurisdiction to consider it.

(3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability is DENIED.

(4) Petitioner's application to proceed in forma pauperis (Dkt. No. 4) is DENIED as moot.

(5) Petitioner's three motions for a Brady Order (Dkt. Nos. 12–14) are DENIED as moot.

---

[2] The Court does not need to reach the second prong of 28 U.S.C. § 2244(b)(2)(B), as Petitioner does not meet the first of the two requirements needed to avoid dismissal.

(6)     The Clerk is DIRECTED to send copies of this Order to Petitioner and to the Honorable Michelle L. Peterson, United States Magistrate Judge.

Dated this 16th day of April 2024.

*Tana Lin*
Tana Lin
United States District Judge